IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-247-BO
No. 5:16-CV-741-BO

| | |
|---|---|
| ANTWAN HARRIS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)  O R D E R<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 91]. The government has moved to dismiss the petition, [DE 95], petitioner has responded, [DE 100], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On November 3, 2011, petitioner pleaded guilty, pursuant to a written plea agreement [DE 27], to one count of possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count One); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). [DE 26]. On March 7, 2012, the Court sentenced petitioner to 60 months' imprisonment as to the marijuana offense and 120 months' imprisonment, consecutive to the other term of imprisonment, for the firearms offense. [DE 37].

Petitioner filed a notice of appeal [DE 39] on March 12, 2012, but subsequently moved to dismiss his appeal. [DE 49]. The Fourth Circuit granted that motion on June 8, 2012. [DE 49]. On October 3, 2012, petitioner again filed a notice of appeal with respect to his sentence and

judgment. [DE 50]. The Fourth Circuit, however, dismissed the appeal on February 15, 2013, because the notice was untimely filed. [DE 57]. Petitioner filed a motion to vacate based on 28 U.S.C. § 2255 on October 7, 2013. [DE 60]. On January 23, 2014, the Court granted the government's motion to dismiss. [DE 68]. On August 29, 2014, the Fourth Circuit denied a certificate of appealability. [DE 75].

On August 11, 2016, petitioner filed the instant § 2255 motion. [DE 91]. Petitioner argues that his speedy trial rights were violated because he allegedly was detained in state custody without federal indictment solely to await federal charges. [DE 91 at 4]. The government responded, arguing that the motion should be dismissed for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 95].

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Because the instant motion attacks the same conviction and sentence as was earlier challenged by the prior motion to vacate, and that motion was dismissed on the merits, the

instant motion to vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *Winestock*, 340 F.3d. at 207.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 95] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 91] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this _20_ day of April, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3